UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
RENEWAL BY ANDERSEN, LLC,      :
: CASE NO. 1:15-CV-01117
Plaintiff,         :
:
v.                             : OPINION & ORDER
: [Resolving Doc. 5]
GREGORY J. FILLAR,             :
:
Defendant.      :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 2, 2015, Plaintiff Renewal by Andersen, LLC ("Renewal") filed a complaint and a motion for a temporary restraining order, expedited discovery, and preliminary injunction against its former employee, Defendant Gregory Fillar.[1/] Plaintiff Renewal seeks to restrain Fillar from disclosing Renewal information and seeks to stop Fillar from working for a Renewal competitor.  For the reasons below, the Court **DENIES** the motion for a temporary restraining order, **GRANTS** the motion for expedited discovery, and schedules a status conference for June 11, 2015, at 9:00 a.m. in Courtroom 18A (Cleveland) to set the timing for a preliminary injunction hearing.

**I. Background**

Plaintiff Renewal is "a business engaged in the sale and installation of replacement windows and doors for the home."[2/]  Renewal employed Defendant Fillar in a sales position from August 2013

---

[1/] Docs. 1, 3, 5.
[2/] Doc. 1 at 2.

-1-

Case No. 1:15-CV-01117
Gwin, J.

to April 26, 2015.[3/]  Defendant Fillar's employment contract contained provisions prohibiting the disclosure of confidential information and barring Fillar from competing with Renewal for two years after leaving Renewal.[4/]

Plaintiff Renewal says that on April 26, 2015, Fillar resigned, saying he needed to attend to childcare responsibilities.  Plaintiff Renewal says, however, that in reality Defendant Fillar began working on April 19, 2015, for Unique Home Solutions ("Unique"), a competitor of Plaintiff Renewal.  Renewal alleges that Fillar does the same work for Unique in the same geographic area as Fillar had with Renewal.

Plaintiff Renewal says that its sales methodology, pricing system, and other information are trade secrets or otherwise confidential information protected by Fillar's employee agreement.  Plaintiff Renewal further says that it will be irreparably harmed by disclosure of confidential information and by lost good will if Unique continues Fillar's employment.

## II. Legal Standards

The Court applies the traditional four-part test to determine whether a temporary restraining order is appropriate.  The Court must consider whether: (1) there is a substantial likelihood of success on the merits, (2) the temporary restraining order is necessary to prevent irreparable injury, (3) the injury to the plaintiff outweighs any harm to the nonmovant, and (4) the temporary restraining order would serve the public interest.[5/]

## III. Analysis

---

[3/] *Id.* at 1.
[4/] Doc. 1-1.
[5/] *See, e.g.*, Summit Cnty. Democratic Cent. & Exec. Comm. v. Blackwell, 388 F.3d 547, 550–51 (6th Cir. 2004); *see also* Fed. R. Civ. P. 65(b).

Case No. 1:15-CV-01117
Gwin, J.

The Court concludes that Plaintiff Renewal has not adequately shown a risk of irreparable harm to justify granting a temporary restraining order.

First, as to the alleged disclosure of trade secrets or otherwise confidential information, the Court notes that although Plaintiff Renewal makes a number of generalized assertions that various pieces of information provided it a competitive advantage, the only specific information centers on the sales methodology and the proprietary pricing system.[6]

It appears that since returning the laptop containing the proprietary pricing system on April 26, 2015, Defendant Fillar no longer has access to the pricing system. Even if Plaintiff Renewal prevails on a claim that Defendant Fillar wrongfully used this system during the week of April 19, 2015, Renewal has given no reason to think that money damages would be inadequate to remedy this discrete harm. Likewise, Plaintiff Renewal has not explained how Defendant Fillar would use the proprietary sales methodology, which includes "us[ing] Renewal's proprietary pricing program to arrive at a precise estimate," now that he has returned the pricing program.[7]

As to the more generalized allegations that Defendant Fillar is misusing confidential information, Renewal has not adequately shown what information Defendant Fillar had access to that would be protectable. For example, while working at Plaintiff Renewal, Defendant Fillar would "make calls on potential clients provided to him by his sales manager,"[8] which suggests that Fillar did not have an independent base of customers or a compiled customer list to disclose.

Second, as to the breach of the non-compete clause, Plaintiff Renewal rests its argument for

---

[6] Doc. 3-1 at 2.
[7] Doc. 1 at 3.
[8] *Id.* at 3.

Case No. 1:15-CV-01117
Gwin, J.

irreparable injury on the loss of good will.  Loss of good will can constitute irreparable injury in some circumstances due to the difficulty of quantifying the loss.[9] But in this case, it seems likely that each customer constitutes a relatively small portion of each company's revenue and that repeat business is relatively infrequent.  Thus, even if Plaintiff Renewal ultimately wins on the merits, damages from the loss of good will should not be so difficult to quantify that the loss would be irreparable.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff Renewal's motion for a temporary restraining order.  On June 11, 2015, at 9:00 a.m. in Courtroom 18A (Cleveland), the Court will hold a status conference to set a schedule for preliminary injunction briefing and a hearing.  Plaintiff Renewal's motion for expedited discovery is **GRANTED**.  Plaintiff Renewal is responsible for ensuring that Defendant Fillar receives a copy of this order.

IT IS SO ORDERED.

Dated: June 3, 2015                                  s/         *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE

---

[9] *Langley v. Prudential Mortg. Capital Co.*, 554 F.3d 647, 649 (6th Cir. 2009) (citing *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992)).